IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BERTRAM HAHN : 
1350 Beverly Road, Apt. 403 : 
McLean, Virginia 22101 : 
                            Plaintiff, : 
                  v. : 
UNITED STATES OF AMERICA :    Civil No.
                                      :
Serve: Kenneth L. Wainstein, Esquire :
       United States Attorney for the :
       District of Columbia :
       555 4th Street, N.W. :
       Judiciary Center Building :
       Washington, D.C. 20001 :
       and :
Serve: Alberto R. Gonzales, :
       Attorney General :
       of the United States of America :
       10th St. & Constitution Ave., N.W. :
       Washington, D.C. 20530 :
                            Defendants. :

## **COMPLAINT**

Plaintiff, Bertram Hahn, by undersigned counsel, hereby files this Complaint against the United States of America and for his cause of action states:

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671, <u>et seq</u>.

2.      Venue for this action is appropriately in this District pursuant to 28 U.S.C. 1402 as the acts of negligence occurred in the District of Columbia.

3. At all times relevant hereto, Plaintiff, Bertram G. Hahn, was a resident of the Commonwealth of Virginia.

4. Pursuant to 28 U.S.C. § 2675(a), the allegations (in the form of a claim) set forth herein were presented to the Department of the Navy on or about February 26, 2004. The United States denied the claim on February 1, 2006, and therefore, all administrative remedies have been exhausted.

5. Bertram Hahn discovered this negligence in August of 2003 when he was enrolled in a research study for GBS patients at the University of Alabama at Birmingham. Bertram Hahn then wrote a letter of concern to the patient financial affairs office at Walter Reed Army Medical Center on September 22, 2003.

## FACTUAL ALLEGATIONS

6. On or about May 17, 2000, LTC. Bertram Hahn (Ret.) ("Mr. Hahn") was diagnosed with Guillian-Barre Syndrome ("GBS") at the Bethesda National Naval Medical Center ("BNNMC") in Bethesda, Maryland. BNNMC ordered Mr. Hahn to immediately start intravenous immunoglobulin (IVIg) treatment for 5 days.

7. While Mr. Hahn was at BNNMC, a bed became available at Walter Reed Army Medical Center ("WRAMC") and Mr. Hahn was transferred to WRAMC on May 17, 2000.

8. While at WRAMC, IVIg treatment was started. Unfortunately, the ICU was full and Mr. Hahn was transferred back to BNNMC later on May 18, 2000. The order for IVIg from WRAMC specifically ordered treatment with IVIg for 5 days to effectively treat the bacteria causing GBS.

9. The health care provider at BNNMC disregarded the written order from WRAMC and only gave Mr. Hahn IVIg treatment until May 19, 2000, rather than until May 22, 2000.

10. The health care providers responsible for Mr. Hahn's treatment for Guillain-Barre Syndrome (GBS) breached the standard of care. Specifically, they failed to provide the appropriate IVIg treatment for Mr. Hahn's GBS and that failure caused significant injury, emotional distress, pain and suffering and pecuniary loss to Mr. Hahn.

11. The care rendered to Mr. Hahn by medical personnel at BNNMC was provided in their capacity as employees of the Department of Navy, an agency of the United States of America, and they were acting within the scope of their employment at all times relating to this case.

## COUNT
### (Negligence)

12. Plaintiffs incorporate the substance of the foregoing factual allegations as if fully stated herein and further,

13. The health care providers at BNNMC had a duty to obtain accurate and complete information and to give appropriate advice to the inexperienced health care providers at BNNMC.

14. A Federal Tort Claims claim exists because the negligent act and omission took place in the United States.

15. The injuries suffered by Mr. Hahn were caused solely by employees, agents and/or representatives of the United States, without any negligence on the part of Bertram Hahn.

16. As a result of the negligent treatment rendered to Bertram Hahn by employees, agents and/or representatives of the Defendant, Bertram Hahn has suffered extreme mental and permanent neurologic injuries. The health care providers at WRAMC breached the standard of care by failing to provide Mr. Hahn with the appropriate intravenous immunoglobulin (IVIG) treatment for the standard five days after he was diagnosed with Guillain Barre Syndrome (GBS) on May 17, 2000. As a result of WRAMC's breach of the standard of care, Bertram Hahn endured a slower recovery process and permanent neurological damage.

WHEREFORE, Plaintiff, Bertram Hahn, demands judgment against Defendant for all damages allowable, to include, past medical expenses, past and future lost wages and other non-economic damages, conscious pain, suffering, and mental anguish up to and including $10,000,000.00, plus costs and interest and such other relief as may be just and proper.

Respectfully submitted,
SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.

By: _____
Karl J. Protil, Jr. (Bar No.447934)
11921 Rockville Pike, Third Floor
Rockville, Maryland  20852
(301) 230-5200

Attorneys for Plaintiff

G:\64\FTCA\HAHN.BERTRAM\Complaint.wpd