IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTRAM HAHN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 06-0713 (ESH) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE TO TRANSFER**

Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(3) for improper venue. Alternatively, defendant requests that the Court transfer this action to the District of Maryland, which is the proper jurisdiction for this case. In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

                                      _____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERTRAM HAHN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action Number: 06-0713 (ESH) |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This memorandum supports Defendant's motion to dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(3) for improper venue. Alternatively, defendant requests that the Court transfer this action to the District of Mayland, which is the proper jurisdiction for this case. Accordingly, Defendant requests that Plaintiff's Complaint be dismissed with prejudice or transferred.

**Standard of Review**

**I. Lack of Jurisdiction**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Dist. of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the

3

complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

A plaintiff's burden to properly plead jurisdiction is particularly heavy when suing the sovereign. United States v. Mitchell, 463 U.S. 206, 212 (1983). As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). Statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951) (citations omitted).

**II. Venue**

On a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts as true the plaintiff's well-pled allegations and draws all reasonable inferences from those allegations in the plaintiff's favor, although the court need not accept plaintiff's alleged legal conclusions as true. Darby v. Department of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002). The FTCA provides that: Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. 28 U.S.C. § 1402(b).

**Argument**

I.   **The FTCA's Two-year Limitations Period Is Jurisdictional**

Plaintiff's FTCA claims are barred by the FTCA's two-year limitations period.  The FTCA provides in relevant part: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ."  28 U.S.C. § 2401(b).  This two-year statute of limitations is jurisdictional and must be fully satisfied or otherwise an FTCA suit cannot be maintained.  United States v. Kubrick, 444 U.S. 111, 117-118, n.10 (1979) (FTCA is a waiver of sovereign immunity and the FTCA's statute of limitations "is a condition of that waiver"); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959); Amwest Surety Ins. Co. v. United States, 28 F.3d 690, 694 (7th Cir. 1994); Mora v. United States, 955 F.2d 156, 160 (2d Cir. 1992); Corte-Real v. United States, 949 F.2d 484, 495 (1st Cir. 1991); Goff v. United States, 659 F.2d 560, 561-562 (5th Cir. 1981); Best Bearings Co. v. United States, 463 F.2d 1177, 1179 (7th Cir. 1972); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); see also Simpkins v. District of Columbia, 108 F.3d 366, 370-71 (D.C. Cir. 1997) (holding that the FTCA exhaustion requirement is jurisdictional).

As a substantive jurisdictional requirement, the limitations period must be "strictly construed in favor of the government." Goff, 659 F.2d at 561-562; accord, United States v. 87 Skyline Terrace, 26 F.3d 923, 929 (9th Cir. 1994); Bradley v. United States, 951 F.2d 268, 271 (10th Cir. 1991); Reynolds v. United States, 748 F.2d 291, 292-93 (5th Cir. 1984); Ware v. United States, 626 F.2d 1278, 1286 (5th Cir. 1988).  Further, as a jurisdictional requirement, Plaintiff has the burden of proving that his claim was timely presented.  See, e.g., United States v. Reid, 251 F.2d 691, 695 (5th Cir. 1958).

**II.     The FTCA Limitations Accrues When the Plaintiff Knows the Fact
         of the Injury and Who Caused it**

For purposes of the FTCA's limitations period, accrual of a claim does not await awareness by the plaintiff that his injury was negligently inflicted. United States v. Kubrick, 444 U.S. 111, 123 (1979).  An FTCA action accrues when the Plaintiff knows the fact of injury and its cause. Id. at 120-22 & n.7. It is not necessary for the Plaintiff to know that the claim is legally redressable or the extent, seriousness, or permanence of any injury, for the statute of limitations to start running. K.E.S. v. United States, 38 F.3d 1027, 1029-30 (8th Cir. 1994).  Rather, the general rule is that a tort claim accrues at the time of injury.  Hoffman v. United States, 53 F. Supp. 2d 483, 493 (D.D.C. 1999) (citing Kubrick, 444 U.S. at 117); Steele v. United States, 599 F.2d 823 (7th Cir. 1979).

In United States v. Kubrick, 444 U.S. 111 (1979), the Supreme Court applied the discovery rule in a case under the FTCA and held that the statute of limitations begins to run from the time the injured party has sufficient critical facts to put him on notice that a wrong has been committed for which he should undertake an investigation to determine his entitlement to redress. 444 U.S. at 123.  At issue in Kubrick was whether a claim for medical malpractice under the FTCA accrues "when the plaintiff knows both the existence and the cause of his injury or at a later time when he knows that the acts inflicting the injury may constitute medical malpractice." Id. at 113. The rule derived from Kubrick is that the statute of limitations begins to run from the time that the plaintiff has sufficient facts to put him or her on notice of the injury and its probable cause. Id. at 117. The Supreme Court rejected the notion that for statute of limitations' purposes a plaintiff's ignorance of his legal rights should be treated the same as his lack of knowledge of

the fact of the injury and its cause. Id. Therefore, knowledge of the fact of the injury and who caused it is all that is required under the rule of Kubrick to start the period of limitations.

**III.    Plaintiff's Claim is Time-Barred**

The essence of Plaintiff's Complaint is that he would have had a faster and more complete recovery from Guillain-Barre syndrome (GBS) had his treatment at the National Naval Medical Center (NNMC) on 17-23 May 2000 been more effective. The injury was thus Plaintiff's allegedly slow and incomplete recovery. The cause of this was the alleged ineffectiveness of his treatment at NNMC in May 2000. Thus the FTCA's two-year limitations period expired in May 2002 or shortly thereafter. Plaintiff's own Complaint reveals that he did not file his first administrative claim with the Navy until at least February 2004, almost four years after his treatment. Plaintiff attempts to excuse this delay in filing his administrative claim by alleging that he "discovered this negligence in August of 2003 when he was enrolled in a research study for GBS patients at the University of Alabama at Birmingham." While the government denies that any negligence occurred, the discovery of the alleged negligence is irrelevant. As the D.C. Circuit stated in discussing the Supreme Court's ruling in Kubrick,444 U.S. at 120-123:

> The Court held that the statute starts to run (the claim "accrues") by the time a plaintiff "has discovered both his injury and its cause," 444 U.S. at 120, even though he is unaware that the harm was "negligently inflicted," id. at 123. In justifying its approach it noted that Kubrick himself, "armed with the facts about the harm done to him," could "protect himself by seeking advice in the medical and legal community" to determine whether there had been negligence. Id. It thus appeared to draw a distinction between the facts about what happened to the plaintiff, on the one hand, and the facts and standards by which those events were to be evaluated, on the other.

Sexton v. United States, 832 F.2d 629, 633 (D.C. Cir. 1987). In Sexton, the Court went on to

hold that Kubrick applies in cases where the alleged negligence is an act of omission. Id. Plaintiff does not even allege that he did not learn of his injury or its cause until 2003, only that he learned of the alleged negligence at that late date. Thus Plaintiff's alleged discovery does not affect the accrual of his claim and Plaintiff's claims are now time-barred.

## IV.     Venue is improper in the District of Columbia

Venue does not lie in this jurisdiction for plaintiff's claims under the FTCA. The FTCA provides that:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.
> 28 U.S.C. § 1402(b).

Therefore, where plaintiff does not reside in this district and the act complained of occurred outside this district, venue does not lie here. See Reuber v. United States, 750 F.2d 1039, 1046-48 (D.C. Cir. 1984); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. Federal Aviation Admin., 617 F. Supp. 190, 198-99 (D.D.C. 1985). In the present case, the Plaintiff resides in Virginia. Compl. ¶ 3. The acts complained of occurred in Maryland. Plaintiff was treated at both Walter Reed Army Medical Center (WRAMC), in the District of Columbia and the NNMC, located in Maryland. Compl ¶¶ 6-16. Plaintiff alleges that it was negligent for his care providers to stop his treatment with intravenous immunoglobulin ("IVIG") after three days. Plaintiff alleges that the standard of care required five days of treatment. While in the final paragraph Plaintiff alleges that the care providers at WRAMC breached the standard of care, Plaintiff clearly indicates that the order from WRAMC required five days of care as

Plaintiff alleges was required. Compl. ¶ 8. The alleged negligence occurred at the NNMC where Plaintiff alleges the care providers "disregarded the order from WRAMC and only gave Mr. Hahn IVIG until May 19, 2000, rather than until May 22, 2000." Compl. ¶ 9. Any fair reading of Plaintiff's complaint indicates that the acts complained of occurred at the NNMC, located in Maryland.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint or in the alternative transfer it to the District of Maryland.

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERTRAM HAHN** )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>      **Defendant.** )<br>_____) | ) **Civil Action Number: 06-0713 (ESH)** |

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, or in the alternative, to transfer. Based upon the motion, the opposition thereto, and the entire record herein, it is this ____ day of _____, 20___ hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is hereby DISMISSED.

This is a final, appealable order.

SO ORDERED.

 

                                                                               Ellen S. Huvelle
                                                                                United States District Judge

Copies to:
Parties via ECF