


**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE, MARYLAND 20755-5360

REPLY TO
ATTENTION OF:

FEB 1 2006



CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Eastern U.S. Torts Branch

SUBJECT: Claim of Bertram G. Hahn, 04-344-T013

Mr. Karl J. Protil, Jr.
11921 Rockville Pike
Rockville, Maryland 20852-2743

Dear Mr. Protil:

This notice constitutes final administrative action on the claim filed on behalf of your client, Mr. Bertram G. Hahn, against the United States in the amount of $10,000,000, for personal injuries allegedly sustained as a result of negligent medical treatment provided by Government health care providers at Walter Reed Army Medical Center (WRAMC) on May 17, 2000. The claim form and attachments allege that health care providers at WRAMC breached the standard of care by failing to provide Mr. Hahn with a plasma exchange, plasmapheresis, and/or the appropriate intravenous immunoglobulin (IVIG) treatment for the standard five days after he was diagnosed with Guillain Barre Syndrome (GBS) on May 17, 2000. The claimant further alleges that, as a result of WRAMC's breach, he endured a slower recovery process and residual neurological damage.

Your client's claim is denied because it was not filed in a timely manner. The Federal Tort Claims Act (FTCA) requires that a claim be presented to the United States prior to the expiration of the statute of limitations prescribed by law. Title 28 of the United States Code, Section 2401(b). The FTCA is a limited waiver of sovereign immunity that provides a two-year statute of limitations in which an individual may file a claim against the United States after the date of accrual. In medical malpractice cases, accrual occurs when the claimant knows, or in the exercise of reasonable diligence should have known, of the injury and its cause. The claimant need not await the discovery of all the elements of a cause of action, i.e., that there was negligence. *Kubrick v. United States*, 444 US 111 (1979). The two-year requirement is statutory and not subject to waiver. In this instance, according to a letter dated September 22, 2003 from Mr. Hahn to the WRAMC Patient Affairs Office, Mr. Hahn knew as early as the summer of 2001 that the IVIG treatment course he received at WRAMC was questioned by neurologists at other medical facilities; however, Mr. Hahn waited until February 25, 2004 to file his claim. Consequently, your client's claim failed to meet the two-year statute of limitations and is time barred.

EXHIBIT 3

-2-

    Moreover, even if this claim weren't time barred, it would be denied as unsubstantiated. After a thorough investigation of the facts and circumstances of this case, and careful consideration of the expert opinion provided by your client, we have concluded that WRAMC health care providers did not deviate from the standard of care. With regard to your client's allegation that WRAMC health care providers failed to administer a plasma exchange or plasmapheresis, studies have shown that plasmapheresis and IVIG used together offer no additional benefit over either used alone, therefore the evidence does not support combining treatments. Also, in a letter dated September 26, 2005, this Service outlined in detail the findings of our expert neurologist who opined that the IVIG treatment for GBS was administered to Mr. Hahn at an accelerated rate, which was medically acceptable, in the correct dosage, over an appropriate amount of time. Enclosure. Accelerated IVIG treatment is a medically accepted course of treatment when tolerated by the patient, as was the case with Mr. Hahn. Your client has provided no evidence that accelerated administration of the IVIG treatment constitutes a breach of the standard of care, that administering the treatment over five days is a mandatory standard, or that the five-day treatment would have been beneficial to him.

    In addition, the opinion of your expert, Dr. Jay M. Meythaler, failed to provide any evidence that administering the IVIG treatment to Mr. Hahn over five days instead of the accelerated rate would have made any difference in the outcome of Mr. Hahn's neurological condition or recovery period. Dr. Meythaler provided no case study or comparison to show that Mr. Hahn would have faired better if he had been given the treatment over five days as opposed to an accelerated rate. There are no accepted studies in this regard and no evidence that a plasma exchange or plasmapheresis should have been administered. Accordingly, there is insufficient evidence to establish that WRAMC health care providers breached the standard of care when they treated Mr. Hahn with the IVIG treatment at an accelerated rate, or when they did not administer the plasma exchange or plasmapheresis.

    If your client is dissatisfied with the action taken on his claim, he may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. By law, failure to comply with that time limit forever bars your client from further suit. I am not implying that any such suit, if filed, would be successful.

                                Sincerely,

                                  Jill M. Grant
                                  Colonel, US Army
                                  Chief, Tort Claims Division

Enclosure