IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTRAM HAHN )<br>)<br>Plaintiff, )<br>)<br>v.             )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>Defendant. )<br>                                    ) | Civil Action Number: 06-0713 (ESH) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS,
OR IN THE ALTERNATIVE TO TRANSFER**

Plaintiff's opposition confirms that Plaintiff had sufficient facts to put him on notice of his injury and its probable cause no later than June 2001. Despite the fact that Plaintiff claims he was unaware of the alleged negligence until August of 2003, the Statute of Limitations began to run at the latest in June 2001, and thus expired no later than June 2003.

Plaintiff's alleged injury occurred in May 2000, when he received what Plaintiff contends was negligent treatment by military health care providers. Pl. Opp at 6. Plaintiff alleges that he should have received five days of treatment with IVIg vice the three days of treatment he actually received. Id. Although Plaintiff was aware of his alleged injury, he "never looked at his medical records and assumed that he was simply dealing with the residual affects of the deficits due to the underlying GBS." Id. Plaintiff admits that in June 2001, he began consulting other health care providers to follow up on rehabilitation for his condition. Id. at page 3. In August 2003, Dr. Meythaler informed Plaintiff that in the doctor's opinion, the appropriate treatment for GBS was five days of IVIg treatment. Pl. Opp at 7.

Plaintiff's theory that it was not until he became aware of the possibility of negligence that the Statute of Limitations runs was rejected by the Supreme Court in United States v. Kubrick, 444 U.S. 111, 123 (1979). The rule derived from Kubrick is that the statute of limitations begins to run from the time that the plaintiff has sufficient facts to put him or her on notice of the injury and its probable cause. Id. at 117. The Supreme Court rejected the notion that for statute of limitations' purposes a plaintiff's ignorance of his legal rights should be treated the same as his lack of knowledge of the fact of the injury and its cause. Id.

If there were any doubt about Kubrick's application to the facts at bar, they were put to rest by the D.C. Circuit's opinion in Sexton v. United States, 832 F.2d 629, 633 (D.C. Cir. 1987). In Sexton, the Court went on to hold that Kubrick applies in cases where the alleged negligence is an act of omission. Id. Plaintiff argues that he assumed that he was dealing with the symptoms of his underlying disease and that the disease can cause the same symptoms he now complains of. These are the same arguments that the Court rejected in Sexton. In addressing when the Plaintiff is deemed to know of the cause of his or her injury, the Court in Sexton states:

> [P]laintiffs also claim that the death was caused by failure to give chemotherapy promptly and continuously. This causal connection was obscured, for them, by their supposition that death would normally follow leukemia within three-to-five years of diagnosis. Thus their claim poses the questions of how Kubrick applies where (1) the negligence consists of an omission rather than an affirmative act, and especially where (2) plaintiffs' detection of the causal connection is thwarted by their understanding that natural causes would cause death within the relevant time span.

> We think that neither factor prevents the application of Kubrick. Even where the government agents' negligence takes the form of omission, a plaintiff's understanding of the basic nature of the treatment should suffice to begin the statute running. If the plaintiff knows these critical facts, he need only undertake a reasonably diligent investigation to determine whether a cause of action may lie. Suppose, for example, a man is admitted to a hospital with heart problems, and

> the doctors administer remedies A, B and C. They do not use alternative remedies D, E and F. The man knows nothing of these; he is not a doctor. But, if he dies, his survivors are armed with the knowledge that A, B and C were the only remedies employed. If D was the correct remedy, inquiries in the medical profession should lead the survivors to the discovery. We think that the survivors can properly be said to know the cause of the injury: they know that death resulted from (1) a natural cause (2) treated only by remedies A, B and C. If the statute in such cases began to run only when they learned of the erroneously omitted remedy, it would be deferred indefinitely in a large range of cases where plaintiff had the information that we think Kubrick regarded as critical: the historical facts associated with the injury itself.

Sexton v. United States, 832 F.2d 629, 633-634 (D.C. Cir. 1987).

Sexton makes clear that Plaintiff's assumption about the disease causing his symptoms is irrelevant. Additionally, the critical piece of information that Plaintiff claims he acquired in August 2003 was from the medical community, i.e. that allegedly the proper treatment for GBS involved five days of IVIg. In Sexton the Court states:

> We think it significant that here plaintiffs stress as the key point of information -- or at least a key point of information -- the fact that chemotherapy could be administered simultaneously with radiation therapy. (They learned this in September 1981.) Exh. 4 at 4-5. But of course this is information supplied by "the medical community" -- and therefore, according to Kubrick, not needed to trigger the running of the statute. See 444 U.S. at 123-24.

Id.

Plaintiff's opposition relies on arguments rejected by the Supreme Court and the D.C. Circuit. The binding precedent of both Kubrick and Sexton bar Plaintiff's claims. The facts presented by Plaintiff in his declaration and his opposition memorandum make clear that he had sufficient critical facts to put him on notice that a wrong had been committed for which he should undertake an investigation to determine his entitlement to redress no later than June 2001. As the FTCA two-year statute of limitations is jurisdictional and must be fully satisfied or

otherwise an FTCA suit cannot be maintained, (Kubrick, at 117-118, n.10 (1979)), this Court lacks jurisdiction over Plaintiff's complaint.

## Conclusion

For the foregoing reasons and those stated in our Motion to Dismiss or in the Alternative to transfer, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895