UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTRAM HAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0713 (ESH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court are defendant's motion to dismiss or to transfer, plaintiff's opposition, and defendant's reply. Upon considering the pleadings and the entire record herein, the Court concludes that venue is not proper in this district, and the Court will therefore grant defendant's request to transfer this case to the United States District Court for the District of Maryland.

### BACKGROUND

Plaintiff brings this medical malpractice action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq.* Plaintiff is a Virginia resident and a retired lieutenant colonel in the United States military. (Compl. ¶ 3.) On or about May 17, 2000, plaintiff was diagnosed with a paralytic neurological disease known as Guillain-Barré Syndrome (GBS) at Bethesda National Naval Medical Center (BNNMC) in Bethesda, Maryland. (*Id.* ¶ 6.) Health care providers at BNNMC ordered plaintiff to undergo immediately five days of intravenous immunoglobulin (IVIg) treatment. (*Id.*)

That same day, BNNMC transferred plaintiff to Walter Reid Army Medical Center (WRAMC) in Washington, D.C., where health care providers started plaintiff's IVIg treatment the following morning. (*Id.* ¶¶ 7-8.) Because the intensive care unit at WRAMC was full, WRAMC transferred plaintiff back to the intensive care unit at BNNMC later in the day on May 18, 2000. (*Id.* ¶ 8.) Although WRAMC gave BNNMC a clear written order to complete plaintiff's five-day IVIg treatment, health care providers at BNNMC only continued plaintiff's IVIg treatment for one more day – until May 19, 2000. (*Id.* ¶¶ 8-9.)

On February 26, 2004, plaintiff filed a claim with the Claims Services offices of the Army and the Navy. (*Id.* ¶ 4.) The Army denied plaintiff's claim on February 1, 2006. (*Id.*) Plaintiff filed his complaint with this Court on April 19, 2006. On September 5, 2006, defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, to transfer the case to the District of Maryland.

## ANALYSIS

Under the FTCA, a plaintiff may bring a claim "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Courts in this Circuit have construed Section 1402(b) broadly to allow venue "'if sufficient activity giving rise to the plaintiff's cause of action took place here.'" *Zakiya v. United States*, 267 F. Supp. 2d 47, 58 (D.D.C. 2003) (quoting *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984)). "In other words, the plaintiff's choice of a forum is honored 'if the activities that transpired in the forum district were not insubstantial in relation to the totality of events giving rise to plaintiff's grievance.'" *Franz*, 591 F. Supp. at 378 (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 n. 62 (D.C. Cir. 1978)); *see also Williams v. United States*, 932 F. Supp. 357, 363

(D.D.C. 1996); *Thornwell v. United States*, 471 F. Supp. 344, 356 (D.D.C. 1979).

Plaintiff does not reside in this district, nor did any of the acts or omissions which underlie plaintiff's Complaint occur here. The statement of facts in plaintiff's Complaint makes clear that the gravamen of his Complaint relates only to events at BNNMC. Plaintiff acknowledges that WRAMC physicians gave him the prescribed IVIg treatment during his time there. (Compl. ¶ 8.) Although WRAMC transferred plaintiff back to BNNMC before the IVIg treatment was complete, plaintiff alleges that WRAMC gave BNNMC written orders to continue his treatment, but that the BNNMC health care providers allegedly failed to follow these orders. (*Id.* ¶¶ 8-9.) Based on these facts, it is clear that there was no activity that occurred here that would support plaintiff's negligence claim. In any event, the activity occurring in this district is insubstantial in relation to the "totality of the events," since the crux of plaintiff's Complaint is that BNNMC failed to continue the ordered treatment. *Cf. Lewis v. Group Health Ass'n, Inc.*, 1992 U.S. Dist. LEXIS 1033, at *7 (D.D.C. Jan. 30, 1992) (finding non-injury-related dermatological appointment in which plaintiff mentioned knee injury to be insufficient for venue in the District).

For the foregoing reasons, venue does not lie with this Court, and, therefore, the Court will transfer the case to the Greenbelt Division of the United States District Court for the District of Maryland in accordance with 28 U.S.C. § 1406(a). The transferee court can address defendant's argument that plaintiff's claim is time-barred in the first instance. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   October 23, 2006